# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

CRAIG SCHULTZ,

      Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,
fka ER SOLUTIONS INC.,

Defendant.

NO: 6:12-cv-02010-LRR

**AMENDED COMPLAINT**

_____

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and/or where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, CRAIG SCHULTZ ("Plaintiff"), is a natural person who at all relevant times resided in the State of Iowa, County of Chickasaw, and City of Ionia.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. Defendant, CONVERGENT OUTSOURCING, INC., fka ER SOLUTIONS INC. ("CONVERGENT") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. CONVERGENT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On April 20, 2010, Plaintiff sent a written dispute letter to Defendant CONVERGENT.

12. Plaintiff's letter of April 20, 2010 stated in relevant part as follows:

"I dispute the alleged debt that you refer to in your letter dated April 14, 2010. I refuse to pay. Validation is requested for all documentation that validates your claim. Please note that your previous attempt at validation for a completely different alleged debt was seriously deficient. Perhaps if you would read the 'Wollman'

2

letter and the Chaudhry Federal case you might understand what is required for proper validation.  You may not assume the debt is valid and you must cease all collection activities until you comply."

[Exhibit A]

13.     Defendant CONVERGENT received Plaintiff's April 20, 2010 letter on April 26, 2010 at 7:43 A.M. [Exhibit B]

14.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 14, 2011 at 2:25 p.m., and at such time left a voicemail message.

15.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 15, 2011 at 1:03 P.M.

16.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 21, 2011 at 6:28 P.M., and at such time left a voicemail message.

17.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 22, 2011 at 6:21 P.M.

18.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 23, 2011 at 2:27 P.M., and at

3

such time left a voicemail message.

19.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on February 28, 2011 at 3:11 P.M., and at such time left a voicemail message.

20.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on March 1, 2011 at 3:34 P.M., and at such time left a voicemail message.

21.     Despite receipt of Plaintiff's demand to cease and desist communications, and without having complied with Plaintiff's demand giving rise to such cease and desist, Defendant CONVERGENT called Plaintiff on March 3, 2011 at 11:08 A.M.

22.     Defendant CONVERGENT caused Plaintiff's telephone to ring or engaged Plaintiff in a telephone conversation repeatedly or continuously with intent to annoy, harass or threaten a person.

23.     Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(c)

24.     Plaintiff repeats and re-alleges each and every allegation contained above.

4

25.     Defendant CONVERGENT violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff after having received a letter from Plaintiff on April 20, 2010, with a demand to cease and desist all collection contacts or a statement that Plaintiff refuses to pay the debt. WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant CONVERGENT violated 15 U.S.C. § 1692c(c);

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

   f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d(5)

26.     Plaintiff repeats and re-alleges each and every allegation contained above in paragraphs 1 through 23.

27.     Defendant CONVERGENT violated 15 U.S.C. § 1692d(5) by causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff

5

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant CONVERGENT violated 15 U.S.C. § 1692d(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

**Respectfully submitted,**

**/s/ JD Haas_____**
 JD Haas, Esq., # AT0003014
*JD HAAS AND ASSOCIATES, PLLC*
Attorneys for Plaintiff
10564 France Avenue South
Bloomington, MN 55431
Telephone:       (952) 345-1025
Facsimile:       (952) 854-1665
Email:
JDHAAS@ATTORNEYSFORCONSUMERS.COM

*Co-counsel with WEISBERG & MEYERS, LLC*

 5025 N. Central Ave. #602
Phoenix, AZ 85012
Not admitted before this Court
ECF@ATTORNEYSFORCONSUMERS.COM

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on April 6, 2012, I filed the foregoing with the clerk of the United States District Court for the Northern District of Iowa using CM/ECF.

/s/JD Haas
JD Haas

7